**Douglas NELSON, Plaintiff—Appellant,**

v.

**U.S. OFFICE OF PERSONNEL MANAGEMENT, Defendant—Appellee.**

**No. 04–35108.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 29, 2005.

Decided Sept. 8, 2005.

Kristin M. Houser, Esq., Schroeter Goldmark & Bender, Seattle, WA, for Plaintiff–Appellant.

Philip H. Lynch, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, for Defendant–Appellee.

Before: BEEZER, THOMPSON, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Douglas Nelson appeals the district court's order granting summary judgment

* This disposition is not appropriate for publication and may not be cited to or by the courts

in favor of the United States Office of Personnel Management (OPM) and denying his motion for summary judgment. Nelson contends that the district court erred in upholding OPM's decision. OPM determined that because the Office of Workers' Compensation Programs (OWCP) accepted Nelson's workers' compensation claims, his medical claims arising from his asbestos-related illness are excluded from coverage under the KPS Health Plan.

Nelson and his wife received $1.3 million in settlement of their lawsuits against various asbestos products manufacturers. As provided by 5 U.S.C. § 8132, Nelson reimbursed OWCP for medical bills it had paid on his behalf (less a deduction for attorneys' fees and expenses). OWCP notified Nelson that he would be responsible for medical expenses out of the settlement until a statutory surplus amount had been expended, at which point OWCP would again begin paying for his medical expenses. Neither party disputes the amount of the surplus. Instead of paying his medical expenses, Nelson submitted his medical claims to KPS, which paid over $180,000 in medical expenses before notifying him that the expenses for this work-related injury were excluded under his insurance contract.

We note that neither party has provided the court with the actual KPS insurance contract under which Nelson sought benefits. Instead, both parties premise their arguments on the KPS Health Plan Brochure (the KPS Brochure). As a consequence, for purposes of this appeal we treat the KPS Brochure as the "contract," the controlling document for interpretation.

OPM's decision was based upon contract interpretation as well as the applicable statutes, including 5 U.S.C. §§ 8132 and 8101(12). Ultimately OPM concluded that Nelson's claims "as determined in accordance with the rule crediting surplus on future payments of compensation" were specifically excluded from coverage under the KPS Brochure.

Whether we review de novo OPM's decision on the contract, *see Texas Gas Transmission Corp. v. Shell Oil Co.*, 363 U.S. 263, 268–70, 80 S.Ct. 1122, 4 L.Ed.2d 1208 (1960), or give deference to OPM's interpretation of the contract, *see Arizona Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1236–37 (9th Cir.2001) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)), the result is the same.

The KPS Brochure plainly states that it does not cover services that Nelson needed "because of a workplace related illness or injury that the Office of Workers' Compensation Programs .... *determines they must* provide" (emphasis added). Nelson's asbestos-related illness falls within this proviso. The KPS Brochure further provides that "once OWCP or similar agency pays its maximum benefits for [claimant's] treatment," KPS will cover his care. Because the KPS Brochure excludes coverage for medical services related to Nelson's asbestos-related disease and because OWCP has not paid the maximum benefits, we affirm OPM's decision.

KPS is not a party to this litigation. We do not decide whether Nelson has an obligation to reimburse KPS for medical expenses it paid on his behalf.

Nelson's counsel advised the court that Nelson died in May 2005. Upon the filing

of this circuit except as provided by Ninth Circuit Rule 36–3.

of a motion under Fed. R.App. P. 43(a)(1), we will substitute the appropriate party.

AFFIRMED.